**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **THOMAS CARLTON,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION 06-0153-WS-B** |
| | ) |
| **MOBILE COUNTY COMMISSION,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court *sua sponte* based on the Court's review of plaintiff's *pro se* Complaint (doc. 1).[1]

On March 10, 2006, plaintiff Thomas Carlton, proceeding without counsel, filed a six-paragraph Complaint against named defendant Mobile County Commission, apparently arguing that defendant or its agent misnumbered a parcel of land at 455 South Broad Street in Mobile, Alabama, as to which Carlton holds a tax deed. Because of the purported misnumbering, misidentification or other mistake concerning the proper ownership status of the subject parcel,

---

[1] In reviewing plaintiff's filings, the Court is mindful that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); *see also Matzker v. Herr*, 748 F.2d 1142, 1146 (7th Cir.1984) (federal district courts must ensure that *pro se* litigants are given "fair and meaningful consideration"). However, plaintiff's *pro se* status does not excuse him from compliance with the Federal Rules of Civil Procedure or the Local Rules of this District Court. *See* Local Rule 83.9(b) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"). Moreover, the leniency to which *pro se* litigants are entitled "does not give a court license to serve as *de facto* counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Carlton complains that nonparty AmSouth is making a claim to that same parcel pursuant to a "fake deed." Carlton asserts that he is aggrieved by the Mobile County Commission's actions in this regard, and indicates that he seeks $5 million in damages "for the trouble it has cause[d]." (Complaint, ¶ 6.)

Based on its preliminary review of the Complaint, the Court makes two observations. First, there is some confusion as to who the proper defendant is. At various places in the Complaint, Carlton identifies the defendant as "Mobile County Commission," "Mobile County Commission Marilyn Woods," and "Mobile County Revenue Commission Marilyn E. Woods." It is therefore unclear as to whether he intends to sue only the Commission, or whether he also (or instead) intends to pursue claims against Woods and/or the Revenue Commission in this action.

Second, and more fundamentally, the Complaint leaves considerable doubt as to Carlton's basis for invoking federal subject matter jurisdiction. Federal courts have limited subject matter jurisdiction. This means that they have the power to decide only certain types of cases. *See Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). It is, of course, incumbent on a plaintiff in a federal action to set forth in his complaint the basis for federal subject matter jurisdiction. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (pleader in federal court must affirmatively allege facts demonstrating the existence of jurisdiction).[2] In that regard, Rule 8(a)(1) of the Federal Rules of Civil Procedure requires a plaintiff to include in his complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." *Id.* Carlton has not done so. Federal jurisdiction may or may not be proper here. Without clarification from Carlton, however, as to the specific form of his claim(s) and the basis on which federal court jurisdiction is sought, such a determination cannot be made. Accordingly, the Court declines to speculate as to the jurisdictional underpinnings and

---

[2]    To establish federal subject matter jurisdiction for this action, plaintiff must show the existence of either diversity jurisdiction (pursuant to 28 U.S.C. § 1332) or federal question jurisdiction (pursuant to 28 U.S.C. § 1331). *See, e.g., Taylor*, 30 F.3d at 1367 ("Congress granted federal courts jurisdiction over diversity actions and cases raising a federal question."). Carlton's Complaint does neither.

sufficiency of the Complaint.

In light of the uncertainty as to the named defendants and the jurisdictional basis of the Complaint, Carlton is hereby **ordered** to file an amended complaint remedying both of these defects on or before **March 30, 2006.**  At a minimum, this amended pleading must clearly identify the named defendant(s), must set forth the grounds on which federal subject matter jurisdiction is predicated, must include a short and plain statement delineating plaintiff's claims and showing that he is entitled to relief, and must otherwise satisfy the minimum pleading requirements as set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.  Because plaintiff is proceeding *pro se*, the Court stresses that it cannot provide him with legal advice or correct errors or omissions in his pleadings.  Given the defects in his initial Complaint, Carlton is strongly encouraged to consult with counsel and obtain legal advice before taking any further action in this case.

**Plaintiff is warned that his claims are subject to dismissal in their entirety if the defects in the original Complaint are not corrected in an amended pleading filed on or before the specified deadline**.

The time for any defendant to file and serve an answer or other responsive pleading pursuant to Rule 12, Fed.R.Civ.P., will be tolled until plaintiff's filing of an amended complaint in accordance with the requirements of this Order, at which time Rule 12's 20-day clock will begin ticking.  The Clerk's Office is directed to mail a copy of this Order to the defendant at the address listed on page two of the Complaint.

Finally, the Clerk's Office is directed to send plaintiff a copy of this District Court's *Pro Se* Litigant Guide at his address of record.  Plaintiff is expected to be fully familiar and compliant with this Guide in all further proceedings in this action.

DONE and ORDERED this 16th day of March, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE