IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS CARLTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION 06-0153-WS-B |
| | ) |
| MOBILE COUNTY COMMISSION, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

On March 16, 2006, the undersigned entered an Order (doc. 5) requiring plaintiff Thomas Carlton, who is proceeding *pro se*, to file an Amended Complaint on or before March 30, 2006. In particular, the Court directed Carlton to clarify which defendant or defendants he intended to sue, and also to specify a basis for federal subject matter jurisdiction.

Carlton has now remedied the first of these defects, but not the second. On March 20, 2006, he submitted an Amended Complaint (doc. 6) explaining that the proper defendant is "Mobile County Commission." But plaintiff has not identified any grounds for federal jurisdiction, even though the March 16 Order expressly obliged him to do so. Diversity jurisdiction pursuant to 28 U.S.C. § 1332 is clearly lacking, inasmuch as both plaintiff and defendant appear to be Alabama citizens for diversity purposes. Moreover, no federal question that might give rise to jurisdiction under 28 U.S.C. § 1331 is apparent from the face of the Amended Complaint. As the Court has previously indicated, it is Carlton's responsibility to explain in his complaint why he believes his case was properly filed in federal court, as opposed to some other court, and why a federal court may properly exercise subject matter jurisdiction over the dispute. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (pleader in federal court must affirmatively allege facts demonstrating existence of jurisdiction). This he has not done, despite having the problem pointed out to him and being given an opportunity to correct it.

Instead of reciting the necessary jurisdictional allegations, Carlton's Amended Complaint urges the Court to stay its hand because the Court "can rule better after you hear the whole case"

and "you can understand more clearer." (Amended Complaint, at 1.) Carlton also asks, "If the court let a man down who will hold him up?" (*Id.*) But all of these comments miss the point. The Court has no opinion at this time as to whether Carlton "has a case" against the Mobile County Commission. The Court makes no findings that the Commission has behaved lawfully, or unlawfully, pursuant to a mistake or some intentional wrongdoing, in its alleged dealings with Carlton. What the Court does find is that Carlton has failed to make a required showing of why this lawsuit can properly be brought in federal court. If the plaintiff does not show that subject matter jurisdiction exists, then this Court never reaches the question of whether the plaintiff has a valid claim or not. Instead, it must dismiss the case. *See Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (when subject matter jurisdiction is deemed lacking, "the court's sole remaining act is to dismiss the case for lack of jurisdiction").

In the March 16 Order, the Court took pains to inform Carlton that his Amended Complaint must show why federal jurisdiction over this matter is proper. Carlton's Amended Complaint does not do so. His Amended Complaint therefore violates Rule 8(a)(1) of the Federal Rules of Civil Procedure, which is binding on Carlton even though he is proceeding without counsel. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"). Because the Amended Complaint is legally insufficient and because Carlton has squandered an opportunity to correct the defect, this action is hereby **dismissed without prejudice**. A separate Judgment will enter.[1]

The Clerk's Office is directed to send copies of the Order and Judgment to defendant Mobile County Commission at the service address furnished by Carlton, to-wit: 109 Government Street, Mobile, AL 36633.

---

[1] To be clear, the Court's ruling is not that plaintiff is not entitled to proceed in any forum, but is rather that he simply has not shown any reasonable basis to proceed in this forum. The Court expresses no opinion as to whether Carlton may be able to pursue his claims against the Commission in state court, nor can this Court offer legal advice to plaintiff as to how to plead or where to file his lawsuit. Once again, Carlton is strongly encouraged to consult with counsel and obtain legal advice before taking further action.

DONE and ORDERED this 22nd day of March, 2006.

        s/ WILLIAM H. STEELE
        UNITED STATES DISTRICT JUDGE